# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-901V
Filed: November 19, 2018

```
* * * * * * * * * * * * *
STEVE LEHRMAN,                    *          UNPUBLISHED
                                 *
              Petitioner,        *          Decision on Damages;
                                 *          Influenza ("Flu") Vaccine;
v.                               *          Guillain-Barre Syndrome
                                 *          ("GBS"); Proffer.
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * *
```

*Sylvia Chin-Caplan, Esq.*, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
*Darryl Wishard, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On November 13, 2013, Steve Lehrman ["Mr. Lehrman or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccine on October 25, 2011. *See* Petition, ECF No. 1. An entitlement hearing was held; on March 19, 2018, I issued a ruling on entitlement, finding that petitioner was entitled to compensation. See Ruling on Entitlement, ECF No. 86.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent filed a proffer on November 19, 2018, agreeing to issue the following payment:

> **A lump sum of $107,145.01 in the form of a check payable to petitioner, Steve Lehrman.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

_____
                                        )
STEVE LEHRMAN,                          )
                                        )
            Petitioner,                 )        No. 13-901V  ECF
                                        )
            v.                          )        Special Master Roth
                                        )
SECRETARY OF HEALTH                     )
AND HUMAN SERVICES,                     )
                                        )
            Respondent.                 )
_____ )       )


## PROFFER ON AWARD OF COMPENSATION[1]

### I.      Procedural History

On November 13, 2013, Steve Lehrman ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 et

seq. ("Vaccine Act").  Petitioner alleged that he suffered from Guillain-Barre syndrome that was

caused-in-fact by his receipt of the influenza vaccine on October 25, 2011.  On February 24,

2014, respondent filed his Vaccine Rule 4(c) report, denying that entitlement to compensation

was appropriate in this case.  On March 19, 2018, the Special Master issued a ruling on

entitlement, finding that petitioner was entitled to compensation.

### II.     Items of Compensation

Petitioner alleges entitlement to the following elements of compensation:  past and future

pain and suffering, past lost earnings, and past unreimbursed expenses.  Respondent proffers

that, based on the Special Master's entitlement decision and the evidence of record, petitioner

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

should be awarded **$107,145.01**, consisting of $100,000.00 for past and future pain and suffering, $4,251.15 for past lost earnings, and $2,893.86 for past unreimbursed expenses.[2] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.    Form of the Award

Respondent recommends that the compensation provided to petitioner be made through a lump sum payment of **$107,145.01**, via a check payable to petitioner.[3] Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2] The parties have no objection to the amount of the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 19, 2018, entitlement decision.

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/Darryl R. Wishard

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

Dated:  November 19, 2018